of defendants upon the verdict directed by the court. The action was in replevin to recover possession of an automobile. One Charles M. Bridgeford made his promissory note to the order of Frank M. Goff, in the sum of $2,500, payable three months after date, with interest at the Union Trust Company. This note was indorsed by the defendant George A. Gillette for the accommodation of Charles M. Bridgeford. It was then indorsed by Frank M. Goff and delivered to the Union Trust Company. The note was not paid at maturity and notice of protest was given to George A. Gillette about January 12, 1921. At the time of making the note Charles M. Bridgeford executed and delivered to the defendant Gillette a collateral security chattel mortgage to secure Gillette on his indorsement, whereby he mortgaged three automobiles. One of them he thereafter sold to plaintiff. It having been seized under the chattel mortgage plaintiff brought this action to recover possession.

*Glenn L. Buck* for appellant.

*Arthur V. D. Chamberlain, George A. Gillette, William J. Baker* and *Sidney O'Brien* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

LOUIS COUGHLIN, Respondent, *v.* PARK ROW REALTY COMPANY, INC., Appellant.

*Negligence — elevators — collapse of platform of elevator.*

Coughlin v. Park Row Realty Co., Inc., 206 App. Div. 610, affirmed. (Argued June 13, 1923; decided July 13, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 19, 1923, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff was severely injured between nine and nine-thirty A. M. on November 12, 1921, by being precipitated thirty-three

40

feet down an elevator pit while delivering merchandise on a sidewalk elevator appurtenant to defendant's premises Nos. 13–21 Park. Row, borough of Manhattan, New York, and used in connection therewith. The elevator ran from the sidewalk level in front of the building to the basement and sub-basement and was at the time at the sidewalk level. After the plaintiff and another employee opened the gates, which covered the shaft, they placed the barrel of glucose in an upright position upon the elevator by rolling it along the outer side of the elevator shaft so that one end projected a few inches over the elevator platform, which was six inches below the level of the walk; and then, lifting the other end up gradually; thereafter they stepped on to the platform of the elevator for the purpose of shifting the barrel toward the center of the platform, and when they put the barrel on or got on and were· endeavoring to move it or had moved it a little, the platform tilted or sagged or inclined downward at the north end and immediately thereafter dropped north end first, carrying plaintiff, who was at the north end, with it to the bottom of the shaft.

*E. C. Sherwood* and *Charles Stewart Davison* for appellant.

*Frank C. Laughlin* and *L. H. Schleider* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

___

CARMINE GIBBIA, an Infant, by SALVATORE GIBBIA, His Guardian ad Litem, Respondent, *v.* HYMAN SKLAMBERG, Appellant.

SALVATORE GIBBIA, Respondent, *v.* HYMAN SKLAMBERG, Appellant.

*Negligence — streets — child run over by wagon running up on sidewalk.*

*Gibbia* v. *Sklamberg* (2 cases), 203 App. Div. 850, affirmed.

(Argued June 13, 1923; decided July 13, 1923.)

APPEAL, by permission, in each of the above-entitled actions from a judgment of the Appellate Division of the